**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| MP ACQUISITION CORP.<br><br>Plaintiff,<br><br>vs.<br><br>COMBAT CANDIES, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO.<br><br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

**COMES NOW** Plaintiff MP Acquisition Corp. ("MP" or "Plaintiff"), and for its Complaint against Defendant Combat Candies, Inc. ("Combat Candies" or "Defendant"), alleges and states as follows:

## NATURE OF THE ACTION

1. This is an action for injunctive relief and damages arising from Defendant's unauthorized use of the designation COMBAT CANDY in connection with nutritional supplements, which infringes MP's family of federally registered COMBAT trademarks. MP asserts claims for trademark infringement and unfair competition under the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1051 *et seq*., and for related violations of the Nebraska Uniform Deceptive Trade Practices Act, the Nebraska Consumer Protection Act, and the common laws of the State of Nebraska.

## THE PARTIES

2. Plaintiff MP Acquisition Corp. is a corporation organized and existing under the laws of the State of Nevada, with a principal place of business at 5214 S. 136th Street, Omaha, Nebraska 68137.

3. Upon information and belief, Defendant Combat Candies, Inc., is a corporation

organized and existing under the laws of the State of Delaware, with a principal place of business at 323 N. Washington Avenue #200, Minneapolis, Minnesota 55401.

## JURISDICTION AND VENUE

4. This is a civil action arising under the Lanham Act, 15 U.S.C. § 1051 *et seq*. This Court has subject matter jurisdiction over MP's federal claims, which relate to trademark infringement, false designation of origin, and unfair competition, pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

5. This Court also has supplemental jurisdiction over MP's claims arising under the statutory and common laws of the State of Nebraska pursuant to 28 U.S.C. § 1367(a), because those claims are so related to MP's federal claims that they form part of the same case or controversy and arise from a common nucleus of operative facts.

6. This Court has personal jurisdiction over Defendant pursuant to Neb. Rev. Stat. § 25-536(1). Upon information and belief, Defendant advertises, promotes, offers for sale, and sells nutritional supplements bearing the infringing COMBAT CANDY designation throughout the United States, including to consumers in the State of Nebraska, through its interactive website, https://combatcandies.com/, and online retail channels. Defendant's infringing conduct has been purposefully directed at and has also caused injury to MP in Nebraska where MP maintains its principal place of business.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to MP's claims, including the harm to MP and its COMBAT Marks, has occurred and continues to occur in this District, and because Defendant is subject to personal jurisdiction in this District.

## FACTUAL BACKGROUND

### A. MP and the COMBAT Marks

8. MP is the exclusive owner (through prior acquisition or otherwise) in the United States of the following valid and subsisting federal trademark registrations on the Principal Register, together with the common law rights associated therewith (collectively, the "COMBAT Marks"):

| Reg. No. | Mark | Goods (Int'l Class 005) | First Use / First Use in Commerce |
|---|---|---|---|
| **6,072,063** | COMBAT 100% WHEY | Dietary and nutritional supplements containing whey protein | December 1, 2015 |
| **7,513,207** | COMBAT CRUNCH | Dietary and nutritional supplements; Nutritional and dietary supplements formed and packaged as bars; Protein supplements formed and packaged as bars | February 10, 2016 |
| **7,513,241** | COMBAT | Dietary and nutritional supplements; Dietary and nutritional supplements containing protein; Powdered nutritional supplement drink mix; Powdered nutritional supplement drink mix containing protein | March 11, 2010 |
| **7,520,099** | COMBAT 100% ISOLATE | Dietary and nutritional supplements containing 100 percent protein isolate; Powdered nutritional supplement drink mix containing | September 27, 2020 |

| | | | |
|---|---|---|---|
| | | 100 percent protein isolate | |
| **7,520,123** | COMBAT POWDER | Dietary and nutritional supplements; Powdered nutritional supplement drink mix | November 12, 2008 |
| **7,605,359** | COMBAT PROTEIN POWDER | Protein dietary and nutritional supplements; Dietary and nutritional supplements containing protein; Powdered nutritional supplement drink mix containing protein | March 11, 2010 |
| **7,788,600** | COMBAT SPORT BAR | Dietary and nutritional supplements; Nutritional and dietary supplements formed and packaged as bars; Protein dietary supplements formed and packaged as bars | April 23, 2024 |

9. True and correct copies of the certificates of registration for the COMBAT Marks are attached hereto as **Exhibit A** and are incorporated herein by this reference.

10. In or around November 2023, MusclePharm Corporation assigned to MP all right, title, and interest in and to the COMBAT Marks, together with the goodwill of the business associated therewith.

11. Each of the COMBAT Marks was registered on the Principal Register under Section 1(a) of the Lanham Act, 15 U.S.C. § 1051(a), based on actual use in commerce. The COMBAT Marks are valid, subsisting, in full force and effect, and have not been abandoned.

12. MP and/or its predecessor (from whom MP has acquired full legal and equitable rights and/or title) have, for many years, provided dietary and nutritional supplement products for

health-conscious consumers under the "COMBAT" brand. MP and/or its predecessor have continuously used the COMBAT brand in commerce in the United States since at least as early as November 12, 2008, with products bearing the COMBAT Marks cumulatively generating hundreds of millions of dollars in revenue.

13. For nearly eighteen (18) years, MP and/or its predecessor have produced, advertised, promoted, distributed, and sold dietary and nutritional supplements in interstate commerce under the COMBAT brand. Consumers may purchase MP's COMBAT-branded dietary and nutritional supplements through MP's interactive website, available at https://musclepharm.com/, in addition to brick-and-mortar retailers as well as through multiple online retailers including Amazon.com and Walmart.com.

14. By virtue of their federal registration, the COMBAT Marks are entitled to the protections of the Lanham Act, and Defendant has had constructive notice of MP's ownership of and exclusive rights in the COMBAT Marks pursuant to 15 U.S.C. § 1072.

15. MP has expended substantial time, money, and resources marketing, advertising, and promoting its dietary and nutritional supplements under the COMBAT Marks. As a result, the COMBAT Marks have acquired substantial and valuable goodwill, together with distinction, recognition, and reputation belonging exclusively to MP.

16. As a result of MP's long, continuous, extensive, and exclusive use, marketing, promotion, and sale of dietary and nutritional supplements under the COMBAT Marks, the COMBAT Marks have come to be recognized by the relevant consuming public as identifying dietary and nutritional supplements originating with, or otherwise associated exclusively with, MP.

17. As a result of MP's widespread, continuous, and exclusive use of the COMBAT Marks to identify its goods and MP as their source, MP owns valid and subsisting federal statutory

and common law rights in the COMBAT Marks.

**B. Defendant's Infringing Use of COMBAT CANDY**

18. Long after MP's adoption and first use of the COMBAT Marks, Defendant adopted and began using the designation COMBAT CANDY in connection with nutritional supplements.

19. On or about May 1, 2025, Defendant filed U.S. Trademark Application Serial No. 99/166,613 (the "Application") seeking to register the mark COMBAT CANDY on the Principal Register for "Nutritional supplements" in International Class 005.

20. The Application was filed under Section 1(a) of the Lanham Act on the basis of actual use, and alleges a date of first use of May 5, 2024, and a date of first use in commerce of May 24, 2024. Both dates are long after MP's and/or its predecessor's first use of the COMBAT Marks and long after the COMBAT Marks were first used in commerce.

21. During prosecution of the Application, Defendant disclaimed any exclusive right to use the term "CANDY" apart from the mark as shown. As a result, COMBAT is the dominant and distinctive element of Defendant's COMBAT CANDY designation.

22. On or about March 23, 2026, MP sent a cease-and-desist letter to Defendant advising that Defendant was infringing upon MP's COMBAT Marks. Pursuant to the cease-and-desist letter, MP requested Defendant notify MP of compliance with the terms of the letter by March 30, 2026. Defendant did not respond by this deadline.

23. Shortly thereafter, the Application was published for opposition in the Official Gazette on March 31, 2026.

24. In response, on April 30, 2026, MP timely filed a Notice of Opposition with the Trademark Trial and Appeal Board (Opposition to Application Serial No. 99/166,613) ("Notice of Opposition"), opposing registration of COMBAT CANDY on the grounds of MP's priority of use

and a likelihood of confusion under Section 2(d) of the Lanham Act. That opposition remains pending.

25. Defendant's COMBAT CANDY designation is confusingly similar to the COMBAT Marks in appearance, sound, connotation, and overall commercial impression. The designation incorporates MP's COMBAT mark in its entirety as the dominant element, merely adding the disclaimed, non-distinctive term "CANDY."

26. The nutritional supplements identified in Defendant's Application are identical or closely related to the dietary and nutritional supplements for which MP uses the COMBAT Marks, and both parties' goods fall within International Class 005.

27. Upon information and belief, Defendant's nutritional supplements are offered and sold through the same or overlapping channels of trade, including online and retail channels, to the same or overlapping classes of consumers throughout the United States as MP's dietary and nutritional supplements sold under the COMBAT Marks.

28. Defendant's use of COMBAT CANDY is without the authorization or consent of MP. Defendant is not now, and has never been, associated, affiliated, or connected with, or endorsed, sponsored, or approved by, MP.

29. Upon information and belief, Defendant either knew or should have known of MP's valuable and pre-existing proprietary rights in the COMBAT Marks, or adopted the COMBAT CANDY designation with reckless indifference to those rights. Defendant had at least constructive notice of MP's rights under 15 U.S.C. § 1072 by virtue of MP's federal registrations and has had actual notice of MP's rights by virtue of the cease & desist letter and the Notice of Opposition.

30. Defendant's use of the COMBAT CANDY designation is likely to cause confusion, to cause mistake, or to deceive consumers, the public, and the trade into believing, contrary to fact,

that Defendant's nutritional supplements originate with, or are sponsored, authorized, endorsed by, or otherwise affiliated or associated with, MP or its COMBAT-branded dietary and nutritional supplements.

31. Upon information and belief, Defendant has continued to use the COMBAT CANDY designation with full knowledge of MP's prior rights and with the willful intent to trade upon the goodwill and reputation associated with the COMBAT Marks.

32. As a direct and proximate result of Defendant's conduct, MP has suffered and will continue to suffer irreparable harm and damage, including injury to the goodwill and reputation associated with the COMBAT Marks.

## COUNT I

## FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1))

33. MP incorporates by reference each of the allegations set forth in Paragraphs 1 through 32 of this Complaint as if fully set forth herein.

34. MP owns valid, subsisting, and protectable federally registered rights in the COMBAT Marks, which are strong and entitled to broad protection.

35. Defendant's unauthorized use in commerce of the COMBAT CANDY designation in connection with nutritional supplements constitutes a use in commerce of a reproduction, counterfeit, copy, or colorable imitation of the COMBAT Marks that is likely to cause confusion, to cause mistake, or to deceive consumers as to the source, origin, sponsorship, approval, or affiliation of Defendant's goods.

36. Defendant's conduct therefore constitutes infringement of MP's federally registered COMBAT Marks in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

37. Upon information and belief, Defendant has committed and continues to commit the foregoing acts of infringement with full knowledge of MP's prior rights in the COMBAT

Marks and with the willful intent to cause confusion and to trade upon MP's goodwill.

38. Defendant's willful and intentional conduct renders this an exceptional case within the meaning of Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

39. Defendant's conduct is causing and will continue to cause MP immediate and irreparable harm and injury, including to MP's goodwill and reputation, unless enjoined by this Court, and MP has no adequate remedy at law.

40. MP is entitled to injunctive relief and to an award of its actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and the costs of this action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116 and 1117, together with prejudgment and post-judgment interest.

## COUNT II
## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
## (15 U.S.C. § 1125(a))

41. MP incorporates by reference each of the allegations set forth in Paragraphs 1 through 40 of this Complaint as if fully set forth herein.

42. Defendant's unauthorized use in commerce of the COMBAT CANDY designation, which is confusingly similar to the COMBAT Marks, constitutes a use of a false designation of origin and a false or misleading description or representation of fact.

43. Defendant's conduct is likely to cause confusion, to cause mistake, or to deceive consumers as to the affiliation, connection, or association of Defendant with MP, or as to the origin, sponsorship, or approval of Defendant's goods or commercial activities by MP.

44. Defendant's conduct therefore constitutes unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

45. Defendant's conduct, including its continued use of the COMBAT CANDY

designation after receiving notice of MP's rights, is willful and is intended to, and is likely to, cause confusion, mistake, or deception. Further, Defendant intentionally engaged in its infringing activities in light of its prior record, constructive, and/or actual notice of the COMBAT Marks. As a result, this case constitutes an exceptional case under 15 U.S.C. § 1117(a) and/or a case of intentional counterfeiting under 15 U.S.C. § 1117(b).

46. Defendant's conduct is causing and will continue to cause MP immediate and irreparable harm and injury, including to MP's goodwill and reputation, unless enjoined by this Court, and MP has no adequate remedy at law.

47. MP is entitled to injunctive relief and to an award of its actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and the costs of this action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116 and 1117, together with prejudgment and post-judgment interest.

## COUNT III

## VIOLATION OF THE NEBRASKA UNIFORM DECEPTIVE TRADE PRACTICES ACT

## (Neb. Rev. Stat. § 87-301 *et seq.*)

48. MP incorporates by reference each of the allegations set forth in Paragraphs 1 through 47 of this Complaint as if fully set forth herein.

49. Defendant is subject to the Nebraska Uniform Deceptive Trade Practices Act, Neb. Rev. Stat. § 87-301 *et seq*. ("NUDTPA") and qualifies as a "person[s]" within the meaning of the same.

50. Defendant's unauthorized use of the COMBAT CANDY designation, as alleged above, constitutes one or more deceptive trade practices in violation of the NUDTPA, including but not limited to, Neb. Rev. Stat. § 87-302(a)(1)-(3). Specifically, in the course of its business, Defendant has (i) passed off its goods as those of MP; (ii) caused a likelihood of confusion or of

misunderstanding as to the source, sponsorship, approval, or certification of its goods; and (iii) caused a likelihood of confusion or of misunderstanding as to its affiliation, connection, or association with MP.

51. MP is a person likely to be damaged by Defendant's deceptive trade practices within the meaning of Neb. Rev. Stat. § 87-303.

52. Upon information and belief, Defendant has willfully engaged in the foregoing deceptive trade practices knowing them to be deceptive.

53. As a direct and proximate result of Defendant's deceptive trade practices enumerated herein, MP has suffered and will continue to suffer irreparable harm, including injury to its goodwill and reputation, unless enjoined by this Court, and MP has no adequate remedy at law.

54. MP is entitled to injunctive relief, together with costs and reasonable attorneys' fees, as authorized by Neb. Rev. Stat. § 87-303.

## COUNT IV
## VIOLATION OF THE NEBRASKA CONSUMER PROTECTION ACT
## (Neb. Rev. Stat. § 59-1601 *et seq.*)

55. MP incorporates by reference each of the allegations set forth in Paragraphs 1 through 54 of this Complaint as if fully set forth herein.

56. Defendant's unauthorized use of the COMBAT CANDY designation, as alleged above, constitutes an unfair method of competition and an unfair or deceptive act or practice in the conduct of trade or commerce in violation of the Nebraska Consumer Protection Act, Neb. Rev. Stat. § 59-1601 *et seq.*, including Neb. Rev. Stat. § 59-1602.

57. Defendant's conduct affects the public interest of the State of Nebraska, including but not limited to MP's customers to whom MP markets, advertises, and sells the COMBAT

Marks. For example, Defendant advertises, offers, and sells its COMBAT CANDY nutritional supplements to the general consuming public on an ongoing basis, including to numerous consumers in the State of Nebraska, through its interactive website and nationwide online retail channels that are accessible to and used by Nebraska consumers. Defendant's use of the confusingly similar COMBAT CANDY designation therefore has the tendency and capacity to deceive, and is likely to deceive, not just one but many Nebraska consumers as to the source, sponsorship, approval, or affiliation of Defendant's goods.

58. As a direct and proximate result of Defendant's unfair methods of competition and unfair or deceptive acts or practices, MP has been and will continue to be injured in its business and property, including through injury to the goodwill and reputation associated with the COMBAT Marks.

59. MP is entitled to recover its actual damages, together with injunctive relief, the costs of this action, and reasonable attorneys' fees, and, in the Court's discretion, enhanced damages as authorized by Neb. Rev. Stat. § 59-1609.

## <u>COUNT V</u>
## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

60. MP incorporates by reference each of the allegations set forth in Paragraphs 1 through 59 of this Complaint as if fully set forth herein.

61. MP owns valid and protectable common law rights in the COMBAT Marks in connection with dietary and nutritional supplements, arising from its long, continuous, and exclusive use of the COMBAT Marks in commerce.

62. Defendant's unauthorized use of the confusingly similar COMBAT CANDY designation in connection with nutritional supplements is likely to cause confusion, mistake, or deception as to the source, origin, sponsorship, approval, or affiliation of Defendant's goods, and

constitutes trademark infringement and unfair competition under the common law of the State of Nebraska.

63. As a direct and proximate result of Defendant's conduct, MP has suffered and will continue to suffer irreparable harm and damage, including injury to its goodwill and reputation, unless enjoined by this Court.

64. MP has no adequate remedy at law and is entitled to injunctive relief and to recover its damages.

## COUNT VI

## DECLARATORY JUDGMENT CANCELLING AND/OR PROHIBITING REGISTRATION OF U.S. TRADEMARK APPLICATION

65. MP incorporates by reference each of the allegations set forth in Paragraphs 1 through 64 of this Complaint as if fully set forth herein.

66. Defendant's attempt to register the COMBAT CANDY designation via U.S. Trademark Application Serial No. 99/166,613, should not be permitted because the COMBAT CANDY designation is likely to cause confusion, mistake, or deception as to the source, origin, sponsorship, approval, or affiliation of Defendant's goods, and constitutes trademark infringement and unfair competition on MP's COMBAT Marks for all the reasons alleged herein.

67. There is no issue as to priority because the COMBAT Marks all have a date of first use in commerce years prior to Defendant's date of first use set forth in the Application.

68. MP filed an opposition proceeding with the U.S. Patent and Trademark Office on April 30, 2026, requesting that Defendant's COMBAT CANDY designation not be permitted to be registered with the U.S. Patent and Trademark Office. As a result of the filing of this Complaint, this opposition proceeding will be suspended by the U.S. Patent and Trademark Office final disposition of this civil action.

69. Accordingly, for all the reasons alleged herein, this Court should declare that Defendant's COMBAT CANDY designation should not be registered and should direct the United States Commissioner of Patents and Trademarks to cancel, prohibit, or otherwise reject U.S. Trademark Application Serial No. 99/166,613 pursuant to 15 U.S.C. §§ 1051, 1052, 1063, and 1127.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff MP Acquisition Corp. respectfully requests that this Court enter judgment in its favor and against Defendant Combat Candies, Inc. as follows:

A. Adjudging that Defendant has infringed MP's federally registered COMBAT Marks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114, and has engaged in unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

B. Adjudging that Defendant has violated the Nebraska Uniform Deceptive Trade Practices Act, Neb. Rev. Stat. § 87-301 *et seq*., the Nebraska Consumer Protection Act, Neb. Rev. Stat. § 59-1601 *et seq*., and the common laws of the State of Nebraska;

C. Adjudging and declaring that U.S. Trademark Application Serial No. 99/166,613 should not be permitted to be registered with the U.S. Patent and Trademark Office pursuant to 15 U.S.C. §§ 1051, 1052, 1063, and 1127.

D. Preliminarily and permanently enjoining Defendant, its officers, agents, servants, employees, attorneys, successors, and assigns, and all persons in active concert or participation with any of them, from: (i) using the COMBAT CANDY designation or any other designation incorporating the term COMBAT, or any other mark, name, or designation that is a colorable imitation of or confusingly similar to the COMBAT Marks, in connection with the advertising,

promotion, offering for sale, or sale of any goods or services; (ii) engaging in any activity that infringes MP's rights in the COMBAT Marks or constitutes unfair competition with MP; (iii) making any representation that Defendant's goods are approved, endorsed, sponsored, authorized by, or associated or affiliated with MP; and (iv) registering or applying to register any mark consisting of or incorporating the term COMBAT or any mark confusingly similar to the COMBAT Marks;

E. Directing Defendant to abandon, or to consent to the refusal of registration of, U.S. Trademark Application Serial No. 99/166,613 for the mark COMBAT CANDY;

F. Directing that Defendant, pursuant to 15 U.S.C. § 1118 and applicable state law including the State of Nebraska, deliver up for destruction all labels, packaging, advertisements, signs, and other materials in its possession, custody, or control bearing the COMBAT CANDY designation or any other designation confusingly similar to the COMBAT Marks;

G. Directing Defendant, pursuant to Section 34(a) of the Lanham Act, 15 U.S.C. § 1116(a), to file with the Court and serve upon MP's counsel, within thirty (30) days after service of any injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

H. Awarding MP its actual damages, together with Defendant's profits, in an amount to be determined at trial, and directing that Defendant account for and disgorge all gains, profits, and advantages derived from its wrongful conduct;

I. Awarding MP up to three times the amount of its actual damages, and enhancing Defendant's profits as the Court finds just, pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a);

J. Awarding MP its actual damages under the Nebraska Consumer Protection Act, together with such enhanced damages as the Court deems appropriate pursuant to Neb. Rev. Stat. § 59-1609;

K. Declaring this an exceptional case and awarding MP its reasonable attorneys' fees and the costs of this action pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), Neb. Rev. Stat. § 87-303, and Neb. Rev. Stat. § 59-1609;

L. Awarding MP prejudgment interest on all recoverable damages at the legal prejudgment rate, and post-judgment interest on all sums awarded at the legal judgment rate from the date of judgment; and

M. Awarding MP such other and further relief as the Court deems just and equitable.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b) and NECivR 40.1(b), Plaintiff MP Acquisition Corp. hereby demands a trial by jury on all issues so triable and requests that such trial be held in Omaha, Nebraska.

Dated this 23rd day of October 2026.

MP ACQUISITION CORP.,
Plaintiff

By: *<u>/s/ Brian T. McKernan</u>*

Brian T. McKernan, #22174
Alexander K. Shaner, #27092
Adam P. Smith, #28214
McGrath North Mullin & Kratz, PC LLO
Suite 3700 First National Tower
1601 Dodge St.
Omaha, Nebraska 68102
(402) 341-3070
(402) 341-0216 fax
bmckernan@mcgrathnorth.com
ashaner@mcgrathnorth.com
asmith@mcgrathnorth.com

***Attorneys for Plaintiff***

# United States of America

## United States Patent and Trademark Office

# COMBAT 100% WHEY

**Reg. No. 6,072,063**

**Registered Jun. 09, 2020**

**Int. Cl.: 5**

**Trademark**

**Principal Register**

MusclePharm Corporation (NEVADA CORPORATION)
4721 Ironton Street, Building A
Denver, COLORADO 80239

CLASS 5: Dietary and nutritional supplements containing whey protein

FIRST USE 12-1-2015; IN COMMERCE 12-1-2015

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

No claim is made to the exclusive right to use the following apart from the mark as shown: "100% WHEY"

SER. NO. 86-950,423, FILED 03-23-2016

UNITED STATES PATENT AND TRADEMARK OFFICE
DEPARTMENT OF COMMERCE

Director of the United States
Patent and Trademark Office

EXHIBIT

A

exhibitsticker.com

# United States of America

## United States Patent and Trademark Office

# COMBAT CRUNCH

**Reg. No. 7,513,207**

**Registered Sep. 24, 2024**

**Int. Cl.: 5**

**Trademark**

**Principal Register**

MP ACQUISITION CORP. (NEVADA CORPORATION)
5214 S. 136TH STREET
OMAHA, NEBRASKA 68137

CLASS 5: Dietary and nutritional supplements; Nutritional and dietary supplements formed and packaged as bars; Protein supplements formed and packaged as bars

FIRST USE 2-10-2016; IN COMMERCE 2-10-2016

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

No claim is made to the exclusive right to use the following apart from the mark as shown: "CRUNCH"

SER. NO. 98-215,782, FILED 10-09-2023

Katherine Kelly Vidal

Director of the United States
Patent and Trademark Office

# United States of America
## United States Patent and Trademark Office

# COMBAT

**Reg. No. 7,513,241**

**Registered Sep. 24, 2024**

**Int. Cl.: 5**

**Trademark**

**Principal Register**

MP ACQUISITION CORP. (NEVADA CORPORATION)
5214 S. 136TH STREET
OMAHA, NEBRASKA 68137

CLASS 5: Dietary and nutritional supplements; Dietary and nutritional supplements containing protein; Powdered nutritional supplement drink mix; Powdered nutritional supplement drink mix containing protein

FIRST USE 3-11-2010; IN COMMERCE 3-11-2010

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

SER. NO. 98-216,016, FILED 10-10-2023

Katherine Kelly Vidal

Director of the United States
Patent and Trademark Office

# United States of America
## United States Patent and Trademark Office

# COMBAT 100% ISOLATE

**Reg. No. 7,520,099**

**Registered Oct. 01, 2024**

**Int. Cl.: 5**

**Trademark**

**Principal Register**

MP ACQUISITION CORP. (NEVADA CORPORATION)
5214 S. 136TH STREET
OMAHA, NEBRASKA 68137

CLASS 5: Dietary and nutritional supplements containing 100 percent protein isolate; Powdered nutritional supplement drink mix containing 100 percent protein isolate

FIRST USE 9-27-2020; IN COMMERCE 9-27-2020

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

No claim is made to the exclusive right to use the following apart from the mark as shown: "100% ISOLATE"

SER. NO. 98-215,713, FILED 10-09-2023

Katherine Kelly Vidal

Director of the United States
Patent and Trademark Office

# United States of America
## United States Patent and Trademark Office

# COMBAT POWDER

**Reg. No. 7,520,123**

**Registered Oct. 01, 2024**

**Int. Cl.: 5**

**Trademark**

**Principal Register**

MP ACQUISITION CORP. (NEVADA CORPORATION)
5214 S. 136TH STREET
OMAHA, NEBRASKA 68137

CLASS 5: Dietary and nutritional supplements; Powdered nutritional supplement drink mix

FIRST USE 11-12-2008; IN COMMERCE 11-12-2008

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

No claim is made to the exclusive right to use the following apart from the mark as shown: "POWDER"

SER. NO. 98-216,115, FILED 10-10-2023

Katherine Kelly Vidal

Director of the United States
Patent and Trademark Office

# United States of America
## United States Patent and Trademark Office

# COMBAT PROTEIN POWDER

**Reg. No. 7,605,359**

**Registered Dec. 17, 2024**

**Int. Cl.: 5**

**Trademark**

**Principal Register**

MP ACQUISITION CORP. (NEVADA CORPORATION)
5214 S. 136TH STREET
OMAHA, NEBRASKA 68137

CLASS 5: Protein dietary and nutritional supplements; Dietary and nutritional supplements containing protein; Powdered nutritional supplement drink mix containing protein

FIRST USE 3-11-2010; IN COMMERCE 3-11-2010

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

No claim is made to the exclusive right to use the following apart from the mark as shown: "PROTEIN POWDER"

SER. NO. 98-215,790, FILED 10-09-2023

Acting Director of the United States Patent and Trademark Office

# United States of America

## United States Patent and Trademark Office

# COMBAT SPORT BAR

**Reg. No. 7,788,600**

**Registered May 06, 2025**

**Int. Cl.: 5**

**Trademark**

**Principal Register**

MP ACQUISITION CORP. (NEVADA CORPORATION)
5214 S. 136TH STREET
OMAHA, NEBRASKA 68137

CLASS 5: Dietary and nutritional supplements; Nutritional and dietary supplements formed and packaged as bars; Protein dietary supplements formed and packaged as bars

FIRST USE 4-23-2024; IN COMMERCE 4-23-2024

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

No claim is made to the exclusive right to use the following apart from the mark as shown: "SPORT BAR"

SER. NO. 98-215,962, FILED 10-10-2023

Coke Morgan Stewart

Acting Director of the United States Patent and Trademark Office